## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

| | | |
|---|---|---|
| Advanced Home Support, Inc.<br>15800 Crabbs Branch Way, Suite 205<br>Rockville, MD 20855 | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) ) | |
| Advanced Home Health Care Services LLC<br>15245 Shady Grove Road, Unit 380<br>Rockville, MD 20850 | ) ) ) ) | JURY TRIAL DEMANDED |
| and | ) ) | |
| Pamgrace Gachenge<br>15245 Shady Grove Road, Unit 380<br>Rockville, MD 20850 | ) ) ) ) | |
| _____ Defendants. | ) ) | |

### COMPLAINT

Plaintiff Advanced Home Support, Inc. ("Advanced Home"), hereby files this Complaint against Defendant Advanced Home Health Care Services LLC ("Advanced Home HCS") and Defendant Pamgrace Gachenge ("Gachenge")(together, "Defendants"), and alleges as follows:

### JURISDICTION AND VENUE

1.      This is a complaint arising under 15 U.S.C. §1125(a) of the Lanham Act and the common law of Maryland.

2.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 1338(a) and 15 U.S.C. §1121.  The Court has related claim jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. §1367.

3.      This Court has personal jurisdiction over Defendants, both of which transact business and perform work and services in this jurisdiction.

4.      Venue is proper in this district under 28 U.S.C. § 1391(a), in that Defendants are subject to personal jurisdiction in this district at the time the action is commenced, and under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and because the Defendants regularly conduct business in this jurisdiction and Plaintiff resides within this District and Division.

## PARTIES

5.      Plaintiff Advanced Home is a home health care agency, formed and located in Maryland, which serves the greater Washington, DC metro area, including Maryland and Virginia.

6.      Defendant Advanced Home HCS is also a home health care agency, formed and located in Maryland, which serves several Maryland counties and areas.

7.      Defendant Gachenge is the Owner, President and Director of Operations of Defendant Advanced Home HCS.

## FACTUAL ALLEGATIONS

8.      Since 2002, Advanced Home has been using the "Advanced" and "Advanced Home" brand names ("Trademarks") in connection with its provision of home health care services and products in the Washington, DC metropolitan area, including the surrounding Maryland and Northern Virginia suburbs ("DMV markets").

9.      Advanced Home filed its Articles of Incorporation and registered the business name "Advanced Home Support, Inc." with the Maryland State Department of

2

Assessments and Taxation ("SDAT") on October 24, 2002. Advanced Home also registered the trade name "Advanced Nursing and Home Support" with SDAT.

10.　　Advanced Home has spent considerable time and effort building its reputation and establishing goodwill in the DMV markets under the Trademarks.

11.　　Advanced Home has used the Trademarks in interstate commerce, including by communicating with clients based in Washington, DC and the Commonwealth of Virginia.

12.　　On August 17, 2010, nearly *eight (8) years* after Advanced Home began using and building its name in the DMV markets, Advanced Home HCS registered the business name "Advanced Home Health Care Services LLC" with SDAT.

13.　　Last year, Advanced Home learned that Defendants have been using the Trademarks in connection with offering the same services in the same market serviced by Plaintiff; that is, home health care services in Maryland.

14.　　Defendants use the Trademarks not only as the business name for Advanced Home HCS, but also in its domain name and on its website, which is located at the following URL: www.advancedhomehealthcareservices.com. Defendants also use the Trademarks as part of their marketing, advertising and contract materials.

15.　　Upon information and belief, Gachenge is responsible for, and personally uses, or directs and approves the use of, the Trademarks as described above.

16.　　Defendants' use of the Trademarks for the same services in the same geographic region is likely to cause confusion in the marketplace.

17.    In fact, Defendants' use of the Trademarks has already caused *actual and significant* confusion (the best evidence that a likelihood of confusion exists) – including to Plaintiff's detriment.

18.    For example, on or around May 4, 2016, a significant referral source for home health care services, Angela Cheshire, indicated to Plaintiff that she has refrained, and will refrain, from recommending or advocating for the use of Plaintiff's products and services.

19.    Ms. Cheshire indicated to Plaintiff that her decision not to recommend Plaintiff was based on negative information that she had received regarding (what she believed to be) Plaintiff's methods of interacting with prospective clients.  Based on that information, Ms. Cheshire concluded that Plaintiff did not meet the standards that she requires for referrals.

20.    Upon further questioning, Ms. Cheshire revealed that: (1) she was actually basing her opinion on information regarding Defendant Advanced Home HCS, not Plaintiff Advanced Home, and (2) she believed that Advanced Home HCS *was the same as* Advanced Home.

21.    Plaintiff Advanced Home has also received repeated telephone inquiries in the past year regarding clients of Advanced Home HCS, apparently because the callers believed that the individuals were clients of Advanced Home.

22.    One such caller, upon being told that the individual was not one of Plaintiff's clients, specifically asked about Plaintiff's "Silver Spring office."  Advanced Home does not have an office in Silver Spring, Maryland; however, Advanced Home HCS does.

23.     The risk of consumer confusion is so likely in this case that even Advanced Home HCS felt compelled to verbally distinguish itself from Advanced Home while attending a recent industry meeting.

24.     Specifically, on September 7, 2017, a representative of Advanced Home HCS introduced herself at a meeting of an organization called the Grass Roots Organization for the Well Being of Seniors by indicating that she was "from Advanced Home Health Care Services, not to be confused with Advanced Nursing and Home Support."

25.     In short, Defendants' use of the Trademarks has created, and continues to create, potential and actual confusion in the marketplace.  Moreover, such use is having a negative effect on the reputation and revenue that Plaintiff would otherwise enjoy absent Defendants' conduct.

26.     Shortly after learning of Defendants' use of the Trademarks, Plaintiff consulted with counsel to advise Plaintiff on how to proceed.

27.     On October 31, 2016, counsel for Plaintiff sent a letter to Gachenge.  In its letter, Plaintiff described Defendants' infringing use of the Trademarks and demanded that Defendants cease such use, including as part of the company name, on the company website, and on any other materials.

28.     Defendants did not initially respond to Plaintiff's October 31, 2016 letter.

29.     On March 2, 2017, after learning that Defendants' continued use of the Trademarks was further negatively affecting Plaintiff's goodwill and revenue, and causing further confusion in the marketplace, Plaintiff sent a second letter to Defendants.

30.     In its second letter, Plaintiff again described Defendants' infringing use of the Trademarks and again formally demanded that Defendants cease such use, including as part of its company name, on its website, and on any other materials.

31.     Defendants also did not initially respond to Plaintiff's March 2, 2017, letter.

32.     On April 20, 2017, counsel for Advanced Home HCS emailed counsel for Advanced Home to request additional time to respond to the above-described letters.

33.     On May 3, 2017, counsel for Advanced Home HCS sent a letter to Plaintiff's counsel, rejecting all demands and denying the existence of any exclusive intellectual property rights by Plaintiff.

34.     Defendants' conduct persists to this day, and has resulted in continuing harms to Plaintiff's revenue and reputation.

### COUNT I
### Unfair Competition and False Advertising
### Under 15 U.S.C. §1125(a)

35.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-34 of this Complaint.

36.     Defendants' actions described above – including, without limitation, Defendants' use of "Advanced" and "Advanced Home" in commerce to advertise, market, and sell its home health care services and products in Maryland – constitutes unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

37.     Defendants' use of "Advanced" and "Advanced Home" in advertising, marketing, and selling its home health care services and products in Maryland is false and likely to mislead.

6

38.     Defendants knew or should have known that their use was false or likely to mislead.

39.     Defendants' use of "Advanced" and "Advanced Home" in advertising, marketing, and selling its home health care services and products in Maryland is likely to cause confusion, or to cause mistake, or to deceive consumers and the public as to the affiliation, connection, association of Defendant Advanced Home HCS with Plaintiff, and as to the origin, sponsorship, or approval of such services and products.

40.     Plaintiff's long-time use of the terms "Advanced" and "Advanced Home" has rendered such marks famous and distinctive.  As such, Plaintiff is entitled and hereby seeks an injunction against Defendants for their use of such marks in commerce, which past and continued use is likely to cause dilution by blurring or dilution by tarnishment.

41.     As an actual and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial.  Unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

42.     Defendants' conduct was and continues to be undertaken willfully and with the intention of causing confusion, mistake or deception.

**COUNT II**
**Common Law Trademark Infringement**

43.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-34 of this Complaint.

44.     Plaintiff has common law rights in the Trademarks based on its continuous use of the Trademarks in Maryland in connection with its marketing and provision of home health care services and products in the DMV markets.

45.     Defendants' unauthorized use of "Advanced" and "Advanced Home" in advertising, marketing, and selling its home health care services and products in Maryland is likely to cause, and has caused, confusion, mistake, and deception of the public as to the identity and origin of such goods and services, or as to a connection or affiliation with Plaintiff, or permission from Plaintiff, that does not exist, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

46.     Defendants' conduct thus constitutes common law trademark infringement.

47.     Despite its actual and constructive knowledge of Plaintiff's ownership and prior use of the Trademarks, Defendants have continued to use the Trademarks without Plaintiff's authorization or consent.

48.     Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiff in its Trademarks.

49.     Plaintiff has sustained injury, damage, and loss based on Defendants' actions.

## COUNT III
## Common Law Unfair Competition

50.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-34 of this Complaint.

51.     Defendants' use of "Advanced" and "Advanced Home" in advertising, marketing, and selling its home health care services and products in Maryland constitutes false designation of origin and false description or representation that such services and products originate from, or are offered, sponsored, authorized, licensed by, or otherwise somehow connected with Plaintiff, when in fact they are not.

52.     As a result of Defendants' conduct, the public is likely to believe that Defendants' services or products have originated from and/or have been approved by Plaintiff.

53.     Defendants' conduct is willful, intended to reap the benefit of the goodwill associated with Plaintiff Advanced Home, has caused and continues to cause damage and injury to Plaintiff, and constitutes common law unfair competition.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and in favor of Plaintiff, and grant the following relief:

A) Compensatory and statutory damages;

B) Punitive damages due to the actual malice of Defendants or their agents;

C) Injunctive relief to prevent continuing violations;

D) Recovery of reasonable attorneys' fees and costs of this action, including pursuant to 15 U.S.C. §1117 ; and

E) Such other relief as this Court may deem just and proper.

Date: September 21, 2017                    Respectfully Submitted,

Richard M. Volin, Of Counsel
**MOMENTUM LAW GROUP**
9711 Washingtonian Boulevard
Suite 420
Gaithersburg, MD 20878
Telephone: (301) 658-2205
Facsimile:  (301) 658-2114
E-Mail:  rich@momentumlawyers.com

*Counsel for Plaintiff*